**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brentwood Scottsdale, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>David James Smith,<br><br>    Defendant. | No. CV-12-02589-PHX-PGR<br><br><br>ORDER |

The defendant removed this action on December 5, 2012 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the defendant has not met his jurisdictional pleading burden because the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of the plaintiff. In order to cure this jurisdictional deficiency, the Court will require the defendant to file an amended notice of removal that properly and affirmatively alleges the citizenship of all named parties to this action.[1] *See* 28 U.S.C. § 1653. The defendant is advised that his

---

[1] The parties are advised that LRCiv 7.1(a)(3) forbids the complete capitalization of a party's name in the caption of any document filed with the Court

failure to timely comply with this Order will result in the remand of this action for lack of subject matter jurisdiction.

The Notice of Removal is facially deficient because the defendant's assertion that the plaintiff is a citizen of Arizona is based only on his allegation that the plaintiff is "an Arizona limited liability company authorized to do business in Maricopa County, Arizona." This allegation is insufficient as a matter of law because the citizenship of a limited liability company for purposes of § 1332 is the citizenship of each of its members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") Since nothing is alleged in the Notice of Removal concerning the citizenship of the plaintiff's members, the Court will require the defendant to specifically identity each member of the plaintiff by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[2]

IT IS THEREFORE ORDERED that the defendant shall file an amended

/   /   /
/   /   /
/   /   /

---

unless that party's name is normally completely capitalized.

[2] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended notice of removal must set forth any sublayers of partners or members that the plaintiff may have.

1 notice of removal in compliance with this Order no later than **December 31, 2012.**

2 DATED this 19th day of December, 2012.

_____
Paul G. Rosenblatt
United States District Judge